UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
COME QUILT WITH ME,                                          MEMORANDUM
                          Plaintiff,                         AND ORDER
             - against -
QUILT PASSIONS, INC.,                                        12-CV-4532 (SLT) (JO)
                          Defendant.
------------------------------------------------------------X

JAMES ORENSTEIN, Magistrate Judge:

Plaintiff Come Quilt With Me seeks to amend its complaint so as to replace the current named defendant, Quilt Passions, Inc., with the names of two individual residents of Hawai'i who, in their individual capacities, own and operate a business known as "Quilt Passions" (without the "Inc."). For the reasons that follow, I deny the motion and instead order the case to be transferred to the United States District Court for the District of Hawai'i.

The Complaint names as a defendant a corporate entity that does not exist. According to public records maintained by the Hawai'i Secretary of State, Karen Barry has registered "Quilt Passions" as the trade name of her business. *See* BREG Online Services, http://hbe.ehawaii.gov/documents/trade.html?fileNumber=367709ZZ&certificate=4104927 (last visited April 12, 2013). In light of that fact, the plaintiff now seeks to amend the complaint to name as defendants Karen Barry and Robert Barry. Docket Entry ("DE") 33.

There is no reason to believe that either proposed new defendant is subject to this court's territorial jurisdiction. Each is apparently a resident of Hawai'i, and neither is alleged to have done anything to subject that person to jurisdiction in New York aside from maintain a business web site that is accessible from New York. That does not suffice. *See*, *e.g.*, *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 29 (2d Cir. 1997); *Enderby v. Secrets Maroma Beach Riviera Cancun*, 2011 WL 6010224, at *12 & n.22 (E.D.N.Y. Dec. 1, 2011).

If the proposed new defendants are not subject to personal jurisdiction in this district, the

proposed amendment would be futile if the case remains here – and yet that is precisely what the

plaintiff seeks. DE 33. Accordingly, if the case were to remain in this court, I might well conclude

that the motion to amend should be denied as futile. I need not reach that conclusion, however,

because the case should in any event be transferred to the District of Hawai'i, where the court

would unquestionably have personal jurisdiction over the proposed new defendants.

A district court may exercise its discretion to transfer venue "for the convenience of parties

and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The factors to consider include the

plaintiff's choice of forum, the convenience of witnesses, the location of relevant documents and

relative ease of access to sources of proof, the convenience of parties, the locus of operative facts,

the availability of process to compel the attendance of unwilling witnesses, and the relative means

of the parties. *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir.

2010) (internal citation and quotation omitted). While the plaintiff's choice of the Eastern District

of New York weighs heavily in the balance, I conclude that other factors clearly outweigh that

consideration. Almost all of the pertinent facts at issue appear to have occurred in Hawai'i, and that

state will therefore necessarily be the location of much of the evidence and the place where the

parties will have the easiest access to sources of proof and the ability to compel the attendance of

unwilling witnesses. *See* Fed. R. Civ. P. 45(c)(3)(A)(ii) (requiring a court to quash a subpoena that

requires a non-party recipient to travel more than 100 miles). Moreover, the defendant's counsel

has sought to withdraw, and it appears that the Barrys lack the means to retain private counsel to

defend this case in New York; in contrast, the Complaint makes clear that the plaintiff has the

means to have its principal travel to Hawai'i for business purposes, from which I infer it can likewise afford to litigate its claims there.

I therefore conclude that in the interest of justice, this action should proceed in Hawai'i, where the court will have personal jurisdiction and can consider anew the motion to file an amended complaint that names the Barrys as defendants. Accordingly, I deny the motion to amend without prejudice to renewal, and respectfully direct the Clerk to transfer this case to the United States District Court for the District of Hawai'i. I further direct the Clerk to stay execution of this order until the plaintiff has exhausted its right to seek review of this order pursuant to Federal Rule of Civil Procedure 72(a). The plaintiff must seek any such review no later than April 29, 2013.

SO ORDERED.

Dated:  Brooklyn, New York
        April 12, 2013

                                                     _____/s/_____
                                                     JAMES ORENSTEIN
                                                     U.S. Magistrate Judge